UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

KEVIN JOSEPH STRICKLAND,

Debtor.

Case No. 10-00560-8-JRL
Chapter 7

### MOTION TO LIFT AUTOMATIC STAY TO TERMINATE POLICY AND PROCEED WITH DECLARATORY JUDGMENT ACTION AND SUMMARY JUDGMENT MOTION

Now comes Lawyers Mutual Liability Insurance Company ("Lawyers Mutual" or "Movant") by and through its attorneys, Poyner Spruill LLP, and moves the Court for an order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) (the "Motion") in order to proceed with a state court declaratory judgment action filed on February 9, 2009 prior to the filing of the voluntary Chapter 7 petition by Kevin Joseph Strickland (the "Debtor"). In support of this Motion, Lawyers Mutual shows unto the Court the following:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334.

2. On January 26, 2010 ("Petition Date"), a voluntary petition under Chapter 7 of the Bankruptcy Code was filed pro se by Kevin J. Strickland.

3. By Order entered by the Court on January 26, 2010, James B. Angell was appointed Chapter 7 Trustee in the case ("Trustee") and continues to serve in that capacity. The Trustee has been advised of the Motion and has no objection to the relief sought in the Motion.

4. Movant is a mutual insurance company formed under the laws of North Carolina with its principal place of business in Cary, Wake County, North Carolina. Movant is in the business of providing professional liability insurance to attorneys and their firms.

5. The Debtor has been insured by Lawyers Mutual under successive, annual claims-made professional liability insurance policies since 2001. Lawyers Mutual sent a notice of cancellation to Debtor, effective October 30, 2008, due to a material change in the risk assumed. The last deductible payment check sent by Debtor to Lawyers Mutual was returned for insufficient funds.

6. In September 2008, Debtor notified Lawyers Mutual of possible claims against his policy with Lawyers Mutual. A complaint had been made to the North Carolina State Bar by a client of the Debtor, believed to be the Julian Godwin Trust (the "Trust"). The North Carolina State Bar, in the course of its investigation, determined that there was misappropriation of funds owed to the Trust and to other clients of Debtor, namely Norwood P. Blanchard and his wife ("Blanchards") and Robert L. Swinson ("Swinson"). Only the Blanchards have asserted a claim against Debtor's policy with Lawyers Mutual during the period in which this claims-made policy was in effect.

7. On December 10, 2008, Debtor signed an "Affidavit of Surrender of Law License". On December 31, 2008, the Superior Court of Wake County entered a Consent Order of Disbarment.

8. Lawyers Mutual filed a Complaint for Declaratory Judgment (the "Action") in the Superior Court of Wake County ("Superior Court") on February 9, 2009. A copy of the Action filed against the Debtor is attached hereto as Exhibit A. In the Action, Lawyers Mutual seeks the following declaratory relief: (1) that the insurance policies issued to Debtor in 2007 and 2008 are void ab initio; (2) that Lawyers Mutual is under no general duty to defend or indemnify Debtor; and (3) that Lawyers Mutual is under no duty with respect to claims arising out of Debtor's representation of the Blanchards. The grounds for declaratory relief include the Debtor's failure to comply with policy obligations that are conditions precedent to coverage under his policy with

Lawyers Mutual; his failure to pay deductible amounts as required by the policy; his apparent material misrepresentations on his applications for reissuance of his professional liability policy; and his engaging in criminal or fraudulent acts that are outside the scope of coverage. The Blanchards filed a Motion to Intervene in the Action which has been granted (collectively "Intervenors"). Prior to the hearing on summary judgment on the Action, the voluntary bankruptcy petition was filed by the Debtor and the Action was stayed. But for the automatic stay, Lawyers Mutual would be allowed to proceed with the summary judgment hearing on the Action in state court.

9.  Lawyers Mutual believes that it is appropriate for the automatic stay to be lifted to permit it to proceed in Superior Court.

## ARGUMENT

10. Section 362 of the Bankruptcy Code requires a court to grant relief from the automatic stay upon a showing of "cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause" and "[t]here is no rigid test for determining whether sufficient cause exists to modify an automatic stay." *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (Bank. D. Del. 1993); *Tribune Media Servs.. v. Beatty (In re Tribune, Co.)*, 418 B.R. 116 (Bankr. D. Del 2009). Rather, in resolving motions for relief for "cause" from the automatic stay, courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant. In balancing the competing interests of the debtor and the movant, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. Id. See also *AW Treuhand GMBH v. Peregrine Systems, Inc. (In re Peregrine Systems, Inc.)*, Adv. Proc. No. 04-1325, 2005 WL 2401955 at 3 (D. Del. Sept. 29, 2005); *In re Hohol*, 141 B.R. 293, 297 (M.D. Pa. 1992).

3

11. The determination of whether "cause" exists must be made on a case by case basis, and is within the discretion of the bankruptcy judge. *See In the Matter of Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *Hohol*, 141 B.R. at 297. The burden of proof is on the debtor if it wishes to keep the stay in effect. 11 U.S.C. § 362(g).

12. Section 362 was designed to provide a breathing spell for debtors to promote the possibility for a successful reorganization. Congress enacted the automatic stay provision:

> to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Borman v. Raymark Industries, Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991) (quotations omitted).

*See also Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982), *quoting* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977), reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5963, 6296-97; *Continental Airlines*, 152 B.R. at 426. The automatic stay, however, is "not meant to be indefinite or absolute" or to shield a debtor from all litigation. *Rexene Prods. Co.*, 141 B.R. at 576, *citing In re Wedgewood*, 878 F.2d 693, 697 (3d Cir. 1989).

13. In the Debtor's case, he allegedly misappropriated funds of the Intervenors, Swinson and the Trust. The Debtor has not listed the Blanchards, the Trust or Swinson as creditors in the Debtor's bankruptcy case. There is cause to lift the stay due to Lawyers Mutual's probable success on the merits if the stay is lifted. Besides the findings of the North Carolina State Bar, the Debtor himself has acknowledged under oath that he misappropriated the Blanchards' funds.

14. The Policy provides that, "There are no third party beneficiaries of this policy." In order for the Debtor to be entitled to coverage for defense or indemnity or both for his acts and omissions, there must be compliance with the terms and conditions of the policy. Even though

the Intervenors believe that they should be compensated for losses occasioned by the Debtor's acts or omissions, Lawyers Mutual believes, as set forth above and in the Action, that the Debtor is not entitled to coverage, defense or indemnity under the Lawyers Mutual policy and seeks a court determination to this effect.

15. Lawyers Mutual does not believe the principles underlying Section 362 of the Bankruptcy Code are furthered by preventing it from continuing the summary judgment on the Action in state court. First, there is no threat that the Movant will obtain preferential treatment as a creditor if the stay is lifted. The Action is a declaratory judgment action, not a damages action. As the Action reflects, no funds are being sought from the Debtor or the bankruptcy estate (the "Estate"). The Superior Court will determine if Movant is required to defend and indemnify its insured under the policy, but under no circumstances will the Action result in a money judgment in favor of the Movant.

16. Lifting the automatic stay will not impose unnecessary litigation costs on the Estate. The coverage dispute is going to be litigated regardless of whether relief from stay is granted. The only difference is that if the stay is lifted, the dispute will be litigated in state court, as Congress intended when it enacted the abstention provisions of 28 U.S.C. § 1334(c) and as will be discussed later in this Motion.

17. Lifting the automatic stay will not unduly delay or interfere with the orderly administration of this case. The Debtor's case is a chapter 7 liquidation case, and many issues involving identification, valuation, and liquidation of the Debtor's assets, if any, must take place before any distribution to creditors will occur. In the unlikely event a court determines that the policy provides coverage and a payment is made by Lawyers Mutual to the Intervenors, such payment would reduce their claims against the Estate. However, the general creditors of the Estate are not entitled to share in any proceeds of the Policy on a pro-rata basis, even if coverage

5

is found to exist. *See In re Wicecarver*, 110 B.R. 957, 960 (Bankr. D. Kan. 1990) ("In the case at bar, this Court finds that it would be in the best interest of the estate and in the interest of justice to invoke this Court's discretionary abstention power in this adversary proceeding. This Court further finds that the bankruptcy estate will receive none of the proceeds at issue here regardless of the result of the case"); *In re Titan Energy, Inc.*, 837 F. 2d 325, 333-334 (8th Cir. 1988)(the Court held that the bankruptcy judge properly abstained from determining insurer's declaratory judgment suit; the insurance policies primarily benefited a creditor, no other parties asserted claims alleging coverage, the validity and scope of the policies could be adjudicated in state court without fear that other creditors or the debtor will be irreparably harmed; the debtor had converted from a Chapter 11 to Chapter 7 proceeding, so "we have no reorganization process to protect.")

18.  Although a request for abstention is not before the Court at this time, a discussion of the basis for abstention under 28 U.S.C. § 1334(c) is pertinent. Issues of state law arising under pre-petition contracts ordinarily are to be determined in state court rather than federal court, particularly where there is no basis for federal jurisdiction other than 28 U.S.C. § 1334, which confers on the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The "original but not exclusive jurisdiction" language makes clear that state courts also have and can exercise jurisdiction over such civil proceedings. Indeed, 28 U.S.C. § 1334(c), provides that the district court can (and, in some instances, must) abstain from hearing such civil proceedings so that state courts can hear them instead. Thus, 28 U.S.C. § 1334(c)(1) provides for "discretionary" abstention, "in the interest of justice, or in the interest of comity with State courts or respect for State law," where a case is more appropriately heard in state court rather than federal court.

19. The factors for permissive abstention pursuant to 28 U.S.C.S. § 1334(c)(1) are the following: (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy matters; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C.S. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in a proceeding of non-debtor parties. *LaRoche Indus. v. Orica Nitrogen LLC(In re LaRoche Indus.)*, 312 B.R. 249, 253-254 (Bankr. D. Del. 2004). Courts should apply these factors flexibly and no one factor is necessarily determinative. *See Bricker v. Martin*, 348 B.R. 28 (W.D. Pa. 2006)

20. Bankruptcy courts hearing insurance coverage disputes ordinarily conclude that abstention is warranted, since such disputes arise under state law, state insurance laws determine the result, the issues can be timely adjudicated in state court, and such disputes do not require any special expertise of district or bankruptcy judges in federal or bankruptcy law. This is true even where the party seeking adjudication of the coverage issues is the debtor. *See, e.g., United States Brass Corp. v. California Union Ins. Co.*, 198 B.R. 940, 944-49 (N.D. Ill. 1996) (court determined that coverage litigation involving the debtor's products liability coverage should proceed in state court rather than bankruptcy court), aff'd sub nom., *In re United States Brass Corp.*, 110 F.3d 1261 (7th Cir. 1997). Where the party seeking a determination of coverage is not the debtor or its estate, there is even less reason for a federal court to exercise bankruptcy

jurisdiction. Lawyers Mutual also points out that should the Superior Court find that coverage exists, litigation regarding the Debtor's liability and the extent of the coverage would proceed in state court .

21. Based on the facts and arguments presented herein, Lawyers Mutual believes that it is appropriate for the automatic stay to be lifted for the Action to proceed in state court.

WHEREFORE, the Movant requests the following relief:

1. Lifting of the automatic stay for the Action and the hearing on summary judgment to proceed in Wake County Superior Court for the purpose solely of determining whether Lawyers Mutual is required to provide coverage or the costs of defense under the insurance policies and whether the insurance policies issued to Debtor in 2007 and 2008 are void ab initio.

2. Waiver of the fourteen (14) day stay provided in Bankruptcy Rule 4001(a)(3); and

3. Such other and further relief as this Court deems just and equitable.

Dated: March 18, 2010.

By ___/s/ Diane P. Furr_____
Diane P. Furr
State Bar No.: 10339
Poyner Spruill LLP
301 S. College Street, Suite 2300
Charlotte, NC  28202
Email: dfurr@poynerspruill.com

ATTORNEYS FOR LAWYERS
MUTUAL LIABILITY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I, Diane P. Furr, Attorney at Law, certify that I am and at all times hereinafter mentioned was more than 18 years of age;

That on the 18th day of March, 2010, I served a copy of the foregoing Motion to Lift Automatic Stay on the parties in this proceeding by overnight mail addressed as follows or by electronic filing:

Kevin Joseph Strickland        (via overnight mail)
215 Murraytown Road
Burgaw, NC 28425

Kevin Joseph Strickland        (via first class mail)
P.O. Box 220
Burgaw, NC 28425

Kevin Joseph Strickland        (via overnight mail)
865 Riverbend Drive
Burgaw, NC 28425

James B. Angell,               (via ECF)
Chapter 7 Trustee
Howard, Stallings, From & Hutsen, PA
P.O. Box 12347
Raleigh, NC 27605-2347

Brian Behr                     (via ECF)
Bankruptcy Administrator's Office
P.O. Box 3758
Wilson, North Carolina 27895

Dated: March 18, 2010

By   /s/ Diane P. Furr
    Diane P. Furr
    State Bar No.: 10339
    Poyner Spruill LLP
    301 S. College Street, Suite 2300
    Charlotte, NC 28202
    Email: dfurr@poynerspruill.com

ATTORNEYS FOR LAWYERS
MUTUAL LIABILITY
INSURANCE COMPANY