**SO ORDERED.**

**SIGNED this 09 day of April, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

KEVIN JOSEPH STRICKLAND,

Debtor.

Case No. 10-00560-8-JRL
Chapter 7

### ORDER GRANTING MOTION TO LIFT AUTOMATIC STAY TO TERMINATE POLICY AND PROCEED WITH DECLARATORY JUDGMENT ACTION AND SUMMARY JUDGMENT MOTION

This motion having come before the Court by Lawyers Mutual Liability Insurance Company ("Lawyers Mutual" or "Movant") for an order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) (the "Motion") in order to proceed with a state court declaratory judgment action filed on February 9, 2009 prior to the filing of the voluntary Chapter 7 petition by Kevin Joseph Strickland (the "Debtor") and proper notice having been given and no objections to the Motion having been filed, the Court finds good cause exists for entry of this Order and finds as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334.

2.      On January 26, 2010 ("Petition Date"), a voluntary petition under Chapter 7 of the Bankruptcy Code was filed pro se by Kevin J. Strickland.

3.      By Order entered by the Court on January 26, 2010, James B. Angell was appointed Chapter 7 Trustee in the case ("Trustee") and continues to serve in that capacity. The Trustee was advised of the Motion and had no objection to the relief sought in the Motion.

4.      Movant is a mutual insurance company formed under the laws of North Carolina with its principal place of business in Cary, Wake County, North Carolina. Movant is in the business of providing professional liability insurance to attorneys and their firms.

5.      The Debtor has been insured by Lawyers Mutual under successive, annual claims-made professional liability insurance policies since 2001. Lawyers Mutual sent a notice of cancellation to Debtor, effective October 30, 2008, due to a material change in the risk assumed. The last deductible payment check sent by Debtor to Lawyers Mutual was returned for insufficient funds.

6.      In September 2008, Debtor notified Lawyers Mutual of possible claims against his policy with Lawyers Mutual. Norward P. Blanchard and his wife ( the "Blanchards") have asserted a claim against Debtor's policy with Lawyers Mutual during the period in which this claims-made policy was in effect.

7.      Lawyers Mutual filed a Complaint for Declaratory Judgment (the "Action") in the Superior Court of Wake County ("Superior Court") on February 9, 2009. In the Action, Lawyers Mutual seeks the following declaratory relief: (1) that the insurance policies issued to Debtor in 2007 and 2008 are void ab initio; (2) that Lawyers Mutual is under no general duty to defend or

indemnify Debtor; and (3) that Lawyers Mutual is under no duty with respect to claims arising out of Debtor's representation of the Blanchards. The Blanchards filed a Motion to Intervene in the Action which has been granted (collectively "Intervenors"). Prior to the hearing on summary judgment on the Action, this case was filed and the Action was stayed.

8. Lawyers Mutual filed the Motion seeking a lift of the automatic stay in order to proceed with the Action and summary judgment hearing.

9. Based on the facts and legal arguments presented in the Motion and at the hearing on the Motion, the Court finds it is appropriate for the automatic stay to be lifted for the Action to proceed in state court.

IT IS HEREBY Ordered, Adjudged and Decreed as follows:

1. That the automatic stay imposed by 11 U.S.C § 362 of the Bankruptcy Code is hereby lifted to allow the Action and the hearing on summary judgment to proceed in Wake County Superior Court for the purpose solely of determining whether Lawyers Mutual is required to provide coverage or the cost of defense under the insurance policies and whether the insurance policies issued to Debtor in 2007 and 2008 are void ab initio.

2. That the requirements of Bankruptcy Rule 4001(a)(3) shall be, and hereby are waived, thereby giving full force and effect to the Order upon entry by the Court.

"End of Document"

CHARLOTTE 403240v1