UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

KEVIN JOSEPH STRICKLAND,

Debtor.

Case No. 10-00560-8-JRL
Chapter 7

## LIMITED RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Lawyers Mutual Liability Insurance Company of North Carolina ("Lawyers Mutual") by and through their undersigned counsel and respectfully responds to the Motion for Relief from Stay filed by Norwood and Judy Blanchard (the "Blanchards") in this case and, in support of its response, respectfully shows the Court thereof:

1.  This matter is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334.

2.  On January 26, 2010, Kevin Joseph Strickland ("Debtor") filed a voluntary Chapter 7 petition ("Petition") under 11 U.S.C. 101 et seq. ("Bankruptcy Code") which is now pending before this Court.

3.  On January 26, 2010, James B. Angell was appointed Chapter 7 Trustee in the case and he continues to serve in the capacity ("Trustee").

4.  Lawyers Mutual is a mutual insurance company formed under the laws of North Carolina with its principal place of business in Cary, Wake County, North Carolina. Lawyers Mutual is in the business of providing professional liability insurance to attorneys and their firms.

5.  The Debtor has been insured by Lawyers Mutual under successive, annual claims-made professional liability insurance policies since 2001. Lawyers Mutual sent a notice of cancellation to Debtor, effective October 30, 2008, due to a material change in the risk assumed.

The last deductible payment check sent by Debtor to Lawyers Mutual was returned for insufficient funds.

6.  In September 2008, Debtor notified Lawyers Mutual of possible claims against his policy with Lawyers Mutual. A complaint had been made to the North Carolina State Bar by a client of the Debtor, believed to be the Julian Godwin Trust (the "Trust"). The North Carolina State Bar, in the course of its investigation, determined that there was misappropriation of funds owed to the Trust and to other clients of Debtor, namely The Blanchards and Robert L. Swinson ("Swinson"). Only the Blanchards asserted a claim against Debtor's policy with Lawyers Mutual during the period in which this claims-made policy was in effect.

7.  Lawyers Mutual filed a Complaint for Declaratory Judgment (the "Action") in the Superior Court of Wake County ("Superior Court") on February 9, 2009. In the Action, Lawyers Mutual sought the following declaratory relief: (1) that the insurance policies issued to Debtor in 2007 and 2008 are void ab initio; (2) that Lawyers Mutual is under no general duty to defend or indemnify Debtor; and (3) that Lawyers Mutual is under no duty with respect to claims arising out of Debtor's representation of the Blanchards. The grounds for declaratory relief include the Debtor's failure to comply with policy obligations that are conditions precedent to coverage under his policy with Lawyers Mutual; his failure to pay deductible amounts as required by the policy; his apparent material misrepresentations on his applications for reissuance of his professional liability policy; and his engaging in criminal or fraudulent acts that are outside the scope of coverage. The Blanchards filed a Motion to Intervene in the Action which was granted.

8.  Prior to the hearing on summary judgment on the Action, the Petition was filed by the Debtor and the Action was stayed.

9. On March 18, 2010, Lawyers Mutual filed a Motion for Relief from Stay to allow it to proceed with its summary judgment hearing on the Action in Superior Court.

10. On April 9, 2010, this Court entered an order lifting the automatic stay which allowed Lawyers Mutual to proceed in Superior Court with a hearing on summary judgment on the Action.

11. On May 13, 2010, the Blanchards filed the Motion for Relief from Stay in this case seeking a lifting of the automatic stay to proceed with their state court litigation, to satisfy any judgment they may be granted in the state court litigation with insurance proceeds, and to file a Proof of Claim for any portion of judgment not covered by Debtor's professional malpractice liability insurance.

12. In the Motion for Relief from Stay, the Blanchards referred to Lawyers Mutual as Debtor's insurance carrier and that the insurance provided by Lawyers Mutual covers losses and damages that are the subject of certain state court litigation the Blanchards have commenced against the Debtor and other entities.

13. On May 24, 2010, the Superior Court entered an Order Granting Plaintiff's Second Supplemental Motion for Summary Judgment and Denying Motion for Summary Judgment of the Intervenors ("Superior Court Order"). A copy of the Superior Court Order is attached and incorporated hereto as Exhibit A. Specifically, the Superior Court Judge granted Lawyers Mutual's summary judgment on the Action, and further ordered that the motion for summary judgment by the Blanchards was denied, that the Blanchards were not entitled to relief in the Action and that their claims as set forth in the Action were dismissed with prejudice.

14. On the basis of the Superior Court Order, it is the position of Lawyers Mutual that the Motion for Relief from Stay is moot particularly related to the assertions made by the Blanchards in the Motion as to Lawyers Mutual.

WHEREFORE, Lawyers Mutual respectfully requests that this Court deny the Motion for Relief from Stay and grant such other and further relief as the Court deems just and proper.

Dated this the 1st day of June, 2010.

                POYNER SPRUILL LLP

                By: /s/ Diane P. Furr
                    Diane P. Furr
                    State Bar No. 10339
                    301 South College Street, Suite 2300
                    Charlotte, NC 28202
                    Telephone: (704) 342-5338
                    Facsimile: (704) 342-5264
                    dfurr@poynerspruill.com

                    ATTORNEYS FOR LAWYERS MUTUAL
                    LIABILITY INSURANCE COMPANY OF
                    NORTH CAROLINA

## CERTIFICATE OF SERVICE

I, the undersigned, of Poyner Spruill LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing *Limited Response to Motion for Relief from Automatic Stay* by electronic ECF filing or depositing the same in the United States mail, first class, postage prepaid on:

| | |
|---|---|
| Kevin Joseph Strickland<br>865 Riverbend Drive<br>Burgaw, NC 28425 | Kevin Joseph Strickland<br>215 Murraytown Road<br>Burgaw, NC 28425 |
| Kevin Joseph Strickland<br>P.O. Box 220<br>Burgaw, NC 28425 | James B. Angell<br>Chapter 7 Trustee<br>Howard Stallings From & Hutsen, P.A.<br>P.O. Box 12347<br>Raleigh, NC 27605-2347 |
| Oliver Carter, III<br>Carter & Carter, P.A.<br>408 Market Street<br>Wilmington, NC 28401 | R.V. Biberstein<br>Biberstein & Nunalee<br>P. O. Box 428<br>Burgaw, NC 28425-5233 |
| Brian Behr<br>Bankruptcy Administrator's Office<br>P.O. Box 3758<br>Wilson, NC 27895 | Vaiden P. Kendrick<br>310 North Front Street, Suite 250<br>Wilmington, NC 28401 |

Dated: June 1, 2010

POYNER SPRUILL LLP

By: /s/ Diane P. Furr
Diane P. Furr
State Bar No. 10339
301 South College Street, Suite 2300
Charlotte, North Carolina 28202
(704) 342-5338

5

CHARLOTTE 412563v1