UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

In re:

KEVIN JOSEPH STRICKLAND,

                    Debtor

Case # 10-00560-8-JRL
(Chapter 7)

## AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

Norwood and Judy Blanchard ("Movants" or "the Blanchards"), by and through their undersigned counsel, respectfully move the Court for relief from the automatic stay and respectfully show in support thereof:

1.     Kevin Joseph Strickland ("Debtor") has filed a petition under Chapter 7 of the Bankruptcy Code, and that proceeding is now pending before this Court.

2.     James Angell has been appointed trustee for the bankruptcy estate.

3.     In 2005, the Debtor undertook to represent Movants in connection with two real estate conveyances and related matters. Debtor acted as attorney for Movants through and including the closing of the second transaction on or about January 29, 2008.

4.     On or about November 26, 2008, Movants filed a complaint against the Debtor in the Pender County Superior Court, North Carolina General Court of Justice. That action has been designated as case no. 08 CVS 1212 ("the state court litigation"). A copy of the Second Amended Complaint ("complaint") is attached as **Exhibit A**.

5.     In their complaint, Movants present multiple claims for relief related to Debtor's breach of duties to them and Debtor's failure to undertake a like kind exchange in accordance

with the applicable standard of care for an attorney practicing law in Pender County, North Carolina.

6.     Thereafter, in March, 2010, Movants learned that Debtor had filed a bankruptcy petition with this Court, and Movants have since taken no further action against Debtor in the state court litigation.

7.     Movants have evidence that Movants' proceeds from the sale of a parcel of land known as the O'Berry Tract in Pender County were deposited into Debtor's IOLTA trust account under the movants' belief that the funds were to be used in conjunction with an IRC § 1031 like kind exchange.  Shortly thereafter, the Movants' funds were transferred to a third party or parties.  Some of the third parties are currently defendants in the state court litigation, and Movants anticipate adding additional parties who received Movants' funds as defendants.  The affidavit of Gerald Meek (including a copy of the NC State Bar complaint against the Debtor) is attached as **Exhibit B**, and the affidavit of Rebecca Peoples, an employee at New Bridge Bank (which maintained the Debtor's IOLTA account) is attached as **Exhibit C**.  These affidavits contain evidence that Movants' funds were improperly disbursed.

8.     Movants intend to amend their complaint to add additional parties that received Movants' funds and to include a claim that a constructive trust should be imposed on those funds.

9.     At this time, Movants would like Debtor to remain as a defendant in the state court litigation.

10.     Except for the automatic stay that arose in this bankruptcy proceeding upon the filing of the Debtor's petition, Movants would be entitled to proceed in the state court litigation.

11.     Movants would like to have the stay lifted so that they can proceed with the state court litigation.

12.     The Movants' funds were never property of the Debtor of the estate, and so allowing Movants to proceed with the state court litigation will not prejudice the estate or undermine the policy considerations behind the automatic stay.

13.     If the stay is lifted and the Pender County Superior Court awards a judgment in the Movants' favor, Movants will not seek to enforce that judgment against the Debtor or his estate.

14.     Movants cannot proceed with the state court litigation unless and until this Court grants relief from the automatic stay.

15.     In a hearing before this Court on March 31, 2010, Debtor stated he had no objection to proceeding with the state court litigation.

16.     Movants believe that Pender County Superior Court is the proper court for the resolution of the claims raised in the state court litigation and that such action should proceed to settlement or judgment in the Pender County Superior Court rather than in this bankruptcy proceeding or any potential adversary proceeding before this Court.

17.     The Debtor's bankruptcy estate will not bear any cost or expense in connection with the state court litigation.

WHEREFORE, Norwood and Judy Blanchard respectfully request that this Court:

1.     Lift the automatic stay to allow Movants to proceed with the state court litigation.

2.     Grant such other and further relief as the Court deems just and proper.


Date: June 15, 2010


CARTER & CARTER, P.A.

/s/Oliver Carter III

Oliver Carter III, NC State Bar No. 36161
Attorney for Norwood and Judy Blanchard
408 Market Street
Wilmington, NC  28401
Phone:  910.763.3626
Fax:  866.249.7856
E-mail:  oliver@carterandcarterlaw.com

STATE OF NORTH CAROLINA      )     IN THE GENERAL COURT OF JUSTICE
                                    )         SUPERIOR COURT DIVISION
COUNTY OF PENDER             )           FILE NO. 08 CVS 1212

| | |
|---|---|
| NORWOOD P. BLANCHARD, JR and wife, JUDY E. BLANCHARD )<br><br>Plaintiffs, )<br><br>v. )<br><br>KEVIN J. STRICKLAND, BURGAW COMMERICAL PROPERTY, LLC, BURGAW CREEK, LLC, BURGAW DEVELOPMENT GROUP, LLC and MULLINS DEVELOPMENT, LLC )<br><br>Defendants. ) | **SECOND AMENDED COMPLAINT** |

NOW COME Plaintiffs, NORWOOD P. BLANCHARD, JR and wife, JUDY E.

BLANCHARD, ("Plaintiffs"), complaining of Defendants and set forth this Second Amended

Complaint, and say and allege as follows:

1.     Plaintiffs are citizens and residents of Pender County, North Carolina.

2.     Plaintiffs are informed and believe that Defendant, Kevin J. Strickland ("Defendant")

was admitted to the North Carolina State Bar in 2001, and is and was at all times referred to herein an

attorney at law licensed to practice law in the State of North Carolina, subject to the laws of the State

of North Carolina, the rules and regulations of the North Carolina State Bar and the revised rules of

professional conduct. Defendant is a citizen and resident of Pender County, North Carolina and at all

times relevant to this action was practicing law in Pender County, North Carolina and acting as

Plaintiffs' attorney.

3.     Plaintiffs are informed and believe that Defendant Burgaw Commercial Property,

LLC ("BCP") is a North Carolina limited liability company organized and existing under the laws of

the State of North Carolina. Plaintiffs are informed and believe that the authorized member/manager



**EXHIBIT
A**

of Defendant Burgaw Commercial Property, LLC is a citizen and resident of the State of South Carolina.

4.    Plaintiffs are informed and believe that Defendant Burgaw Creek, LLC ("BC") is a North Carolina limited liability company organized and existing under the laws of the State of North Carolina. Plaintiffs are informed and believe that the authorized member/manager of Defendant Burgaw Creek, LLC is a citizen and resident of the State of South Carolina.

5.    Plaintiffs are informed and believe that Defendant Burgaw Development Group, LLC ("BDG") is a North Carolina limited liability company organized and existing under the laws of the State of North Carolina. Plaintiffs are informed and believe that BDG is doing business in Pender County, North Carolina. Plaintiffs are informed and believe that the authorized member/manager of BDG is a citizen and resident of a state other than North Carolina.

6.    Plaintiffs are informed and believe that Defendant Mullins Development, LLC ("MD") is a North Carolina limited liability company organized and existing under the law of the State of North Carolina. Plaintiffs are informed and believe that Defendant MD's registered office is in Pender County, North Carolina. Plaintiffs are informed and believe that MD's authorized member/manager is a citizen and resident of a state other than North Carolina.

7.    In or about 2005, Defendant Strickland undertook to represent Plaintiffs with respect to the sale of that certain tract of land in Pender County, North Carolina known as the O'Berry Tract. The land is described by that deed recorded in Book 211, Page 570 Pender County Registry. Plaintiffs were a percentage owner and tenants in common with other owners of the O'Berry tract.

8.    The closing for the O'Berry tract took place on or about September 24, 2006. Defendant acted as Plaintiffs' attorney in the transaction.

2

9.     The total sale price for the O'Berry tract was $4,361,475.08. Plaintiffs' portion of the proceeds of the sale was $874,295.02.

10.    Following the sale of the O'Berry tract, the Defendant Strickland issued checks disbursing the majority of the proceeds from the sale to the other owners of the O'Berry tract. Defendant Strickland did not disburse proceeds from the sale to Plaintiffs.

11.    Plaintiffs instructed Defendant Strickland that their share of the proceeds from the sale of the O'Berry tract were to be used in a manner that complied with the requirements for a like-kind exchange pursuant to IRS Code § 1031.

12.    Defendant Strickland failed to advise Plaintiffs that the funds could not be used as requested by Plaintiffs in that Defendant Strickland could not act as a qualified intermediary with respect to the transaction, and further, due to the fact that Plaintiffs could not exercise any dominion or control over the funds. Finally, Defendant Strickland failed to inform Plaintiffs that there are certain time limitations with respect to the 1031 like-kind exchange. Rather, Defendant Strickland purportedly proceeded to carry out such a transaction and advised that he could undertake and structure the like-kind exchange.

13.    Internal Revenue Code § 1031 provides that gain or loss shall be postponed for tax purposes on the exchange of property held for productive use in a trade or business or for investment if such property is exchanged solely for property of a like-kind which is to be held either for productive use or for investment.

14.    When a like-kind exchange is being done, the taxpayer has no ownership or control over the funds. The funds are used to purchase the exchange property through a qualified intermediary, who cannot be an agent of the taxpayer. The taxpayer does not earn any return on the funds, nor does the taxpayer have any right to a return of the funds upon demand.

3

15. Defendant Strickland failed to advise Plaintiff that the funds could not be used as Plaintiffs wished.

16. Plaintiffs were also a part owner of a tract of land in Pender County referred to as the Board of Education tract. The tract is described in a deed recorded at Book 132, Page 253 and Book 328, Page 261, Pender County Registry. The tract was sold to the Nature Conservancy on about January 29, 2008. The total sales price for the tract was $529,075.00. Plaintiffs' portion of the proceeds of the sale of the Board of Education tract was $70,748.97. Defendant Strickland acted as Plaintiffs attorney with respect to the sale of this tract as well.

17. Following the sale of the Board of Education tract, Plaintiff instructed Defendant Strickland to deposit the funds and handle the proceeds from the sale of the Board of Education tract and comply with the same instructions Plaintiff had given to Defendant Strickland regarding the O'Berry tract proceeds. Defendant Strickland was to deal with the proceeds in a manner that complied with the requirements for a like-kind exchange under Internal Revenue Code § 1031.

18. Defendant Strickland again failed to advise Plaintiff that the funds could not be used as Plaintiffs instructed.

19. Following the deposit of Plaintiffs' share of the proceeds from the sale of the tracts of land set forth herein, Plaintiffs are informed and believe that Defendant Strickland disbursed Plaintiffs' funds and used said funds in the purchase of property for various LLCs managed, controlled, organized or created by Defendant Strickland. Plaintiffs have demanded that Defendant Strickland return all of Plaintiffs' portion of the proceeds from the sale of the above listed tracts of land. As of the date of the filing of this Complaint, Defendant Strickland has failed and/or refused to reimburse and return Plaintiffs' funds.

4

## FIRST CLAIM FOR RELIEF
**(Legal Malpractice)**

20. The allegations contained in paragraph 1 through 19 above are re-alleged and incorporated herein by reference.

21. An attorney client relationship existed between Plaintiffs and Defendant.

22. Defendant Strickland, acting as Plaintiffs' attorney held himself out as having the requisite knowledge and skill to undertake a like-kind exchange with Plaintiffs' share of the proceeds from the sale of the O'Berry tract and the Board of Education tract in accordance with IRC § 1031.

23. Plaintiffs relied on Defendant Strickland to protect their interests in the transaction and to fully inform Plaintiffs of the procedures and requirements necessary to effectuate the like-kind exchange, to be truthful in all of his dealings with Plaintiffs and to use his best judgment in the handling of the matters entrusted to him.

24. Defendant Strickland owed Plaintiffs a fiduciary duty to render his services in a skillful and prudent manner. Defendant Strickland implicitly represented that he possessed the requisite degree of learning, skill and ability necessary to the practice of his profession which other attorneys practicing real estate law in Pender County, North Carolina ordinarily possess, and to exercise such reasonable and ordinary care and diligence in the use of his skill and/or the application of this knowledge to Plaintiffs' matter as would other attorneys practicing real estate law in Pender County, North Carolina under similar circumstances.

25. Defendant Strickland failed to follow the duty of care imposed by law and breached his duty to Plaintiffs and was negligent in the following manner:

a. Defendant Strickland lacked the requisite skill and knowledge to effectuate a like-kind exchange with respect to Plaintiffs' share of the proceeds of the O'Berry and Board of Education tracts.

b. Defendant Strickland failed to advise Plaintiffs that the Plaintiffs could not maintain any degree of control over the funds;

c. Defendant Strickland failed to advise Plaintiffs that he could not act as a qualified intermediary with respect to Plaintiffs funds based on the fact that he was Plaintiffs' attorney;

d. Defendant Strickland failed to advise Plaintiffs of the applicable time limitations with respect to the structure of the like-kind exchange; and

e. Defendant Strickland failed to advise Plaintiffs that they could not earn a return on the funds or have a right of return of the funds upon demand; and

f. Defendant Strickland was negligent in other ways that will be shown through discovery and at trial of this matter.

26.    Defendant Strickland violated the duty of care and failed to exercise reasonable and ordinary care and diligence and to possess and use the requisite degree of skill in his application of his knowledge to Plaintiffs' transaction.

27.    As a result of Defendant Strickland's violation of the above stated duty, Defendant Strickland was negligent in that he failed to properly carry out and structure a proper 1031 like-kind exchange with respect to Plaintiffs' share of the proceed of the sales for the O'Berry tract and the Board of Education tracts in Pender County, North Carolina. Defendant Strickland was further negligent in failing to inform Plaintiffs that he did not possess the requisite skill or knowledge necessary to carry out such a like-kind transaction. Further, Defendant Strickland was negligent in

the fact that he has failed to undertake the care necessary to maintain, preserve, account for and protect Plaintiffs' funds and has failed to return Plaintiffs' funds.

28.     As a result of Defendant Strickland's negligence, Plaintiffs have been damaged in an amount on excess of $10,000.00

### SECOND CLAIM FOR RELIEF
### (Breach of Contract)

29.     The allegations contained in paragraph 1 through 28 above are re-alleged and incorporated herein by reference.

30.     Plaintiffs hired Defendant Strickland to represent their interests with respect to the sale of the O'Berry tract and the Board of Education tracts in Pender County, North Carolina.

31.     Defendant Strickland breached his contract with Plaintiffs by failing, among other things, to properly set up and carry out an Internal Revenue Code § 1031 like-kind exchange with respect to Plaintiffs' portion of the proceeds of the sales from the above referenced tracts and by failing to account to Plaintiffs for the funds.

32.     As a result of Defendant Strickland's breach of contract, Plaintiffs have suffered damages in an amount in excess of $10,000.00.

33.     The damages described above were reasonably foreseeable, were within the contemplation of the parties at the time of contract, and were proximately caused by Defendant Strickland's breach of contract.

### THIRD CLAIM FOR RELIEF
### (Negligent Misrepresentation)

34.     The allegations contained in paragraph 1 through 33 above are re-alleged and incorporated herein by reference.

7

35.    Defendant Strickland, in the course of his profession, supplied information to Plaintiffs and represented to Plaintiffs that he could undertake and perform a 1031 like-kind exchange with respect to the Plaintiffs' share of the proceeds of the sale of the O'Berry tract and the Board of Education tract.

36.    Defendant Strickland intended that Plaintiffs rely on that information supplied with respect to Plaintiffs' share of the sale proceeds of the O'Berry tract and Board of Education tracts in the Defendant Strickland represented that he could undertake a like-kind exchange with Plaintiffs' portion of the proceeds.

37.    The information supplied to Plaintiffs by Defendant Strickland was false.

38.    Defendant Strickland as set forth in this Complaint, failed to exercise reasonable care and competence in obtaining or communicating the false information to Plaintiffs.

39.    Plaintiffs relied on the false information supplied by Defendant Strickland and Plaintiffs' reliance was justifiable.

40.    As a result of Plaintiffs' reliance on the information supplied by the Defendant Strickland, Plaintiffs have incurred financial damages in that Plaintiffs have not received their share of the proceeds from the sale of the O'Berry tract or the Board of Education tract nor have Plaintiffs been able to take advantage of the tax benefits of a 1031 like-kind exchange as represented by Defendant Strickland.

41.    As a result of Defendant Strickland's negligent misrepresentation to Plaintiffs, Plaintiffs have been damaged in an amount in excess of $10,000.00.

### FOURTH CLAIM FOR RELIEF
#### (Constructive Fraud)

42.    The allegations contained in paragraph 1 through 41 above are re-alleged and incorporated herein by reference.

8

43.    A fiduciary relationship of trust and confidence existed between Plaintiffs and Defendant in that Defendant Strickland at all times applicable to this complaint was acting as Plaintiffs' attorney with respect to the sale of Plaintiffs' interest in the O'Berry tract and the Board of Education tract in Pender County, North Carolina. Defendant Strickland was a fiduciary to Plaintiffs.

44.    Defendant Strickland used his position of trust and confidence to retain Plaintiffs' share of the proceeds of the sale of the O'Berry tract and Board of Education tract in Defendant Strickland's account based upon Defendant Strickland's representation that Defendant Strickland could and would structure a 1031 like-kind exchange in the Plaintiffs' favor with Plaintiffs' share of the sale proceeds.

45.    During the process of attempting to effectuate the 1031 like-kind exchange on behalf of Plaintiffs, Defendant Strickland, in an effort to prolong/extend the deadlines to complete the like-kind exchange, invested Plaintiffs' funds in, and prepared deeds to convey two tracts in Pender County to Plaintiffs.

46.    Plaintiffs are informed and believe that the two tracts are currently owned by Burgaw Creek, LLC and Burgaw Commercial Property, LLC.

47.    The deeds prepared by Defendant Strickland purported to convey both tracts to Plaintiffs. The deeds were never recorded with the Pender County Public Registry.

48.    In addition, Defendant Strickland prepared and executed Assignments of LLC Membership interests in both Burgaw Creek, LLC and Burgaw Commercial Property, LLC to Plaintiffs.

49.    Defendant Strickland owed a duty to Plaintiffs to convey the property interest to Plaintiffs in the Burgaw Creek, LLC and Burgaw Commercial Property, LLC tracts.

9

50.   Defendant Strickland failed to comply with the fiduciary duty imposed by law to convey the property interests to Plaintiffs.

51.   Defendant Strickland violated the applicable standard of care and failed to exercise reasonable care in completing the transaction.

52.   As a result of Defendant Strickland's violation of his fiduciary duty and failure to complete the transactions, Defendant Strickland was negligent.

53.   Plaintiffs are informed and believe that Defendants BC and BCP came into possession and control of the property or have retained control of the property under circumstances wherein they should not retain possession.

54.   In addition, Plaintiffs are informed and believe that Defendant Strickland transferred Plaintiffs' funds to Defendant BDG and purchased property in the name of BDG and/or Defendant MD.

55.   Plaintiffs are informed and believe that Defendant BDG made various acquisitions by utilizing Plaintiffs' funds and has failed to properly account to Plaintiffs for the funds.

56.   Plaintiffs have been deprived of their beneficial interest in the properties to which they are entitled.

57.   With respect to all Defendant entities, Plaintiffs are informed and believe that Defendant Strickland had the actual authority or apparent authority to act on behalf of each.

58.   As a result of Defendant Strickland's negligence in failing to complete the transactions, and failure to account for the Plaintiffs' funds transferred to BDG, MD, BC and BCP, Plaintiffs have been damaged in an amount in excess of $10,000.00.

59.   This Court should enter an order requiring Defendants Strickland, BC and BCP specifically perform and convey the tracts as intended.

10

WHEREFORE, Plaintiffs, Norwood P. Blanchard, Jr. and wife Judy E. Blanchard, request the Court:

1.      That Plaintiffs have and recover of Defendant Strickland damages in an amount in excess of $10,000.00 for breach of his fiduciary duty;

2.      That Plaintiffs have and recover of Defendant Strickland Damages in an amount in excess of $10,000.00 based upon Defendant Strickland's negligence;

3.      That Plaintiffs be awarded pre-judgment and post-judgment interest on Plaintiffs' damages at the maximum legal rate;

4.      That the cost of this action, including the award of all reasonable attorney fees, be taxed against Defendants;

5.      That the Court impose a Constructive and/or Resulting Trust over all property or LLC membership interests purchased by Defendant Strickland or caused to be purchased in the name of Burgaw Creek, LLC, Burgaw Commercial Property, LLC, Burgaw Development Group, LLC or Mullins Development, LLC, with any of Plaintiffs' funds including all property owned or controlled by Defendants Burgaw Commercial Property, LLC, Burgaw Creek LLC, Burgaw Development Group, LLC and Mullins Development, LLC;

6.      That Defendants be ordered to specifically perform and convey those parcels owned by Burgaw Creek, LLC and Burgaw Commercial Property, LLC and any other property purchased with Plaintiffs' funds;

7.      That Plaintiffs have such other and further relief that the Court may find just and proper; and

8.      That Plaintiffs have a trial by jury on all issues so triable.

11

This the _5_ day of _October_____, 2009.

NORWOOD P. BLANCHARD, JR and wife JUDY E.
BLANCHARD
By and Through Their Attorneys
MARSHALL, WILLIAMS & GORHAM, L.L.P.

By: _____

Lonnie B. Williams, Sr.
State Bar No. 4746
F. Murphy Averitt III
NC State Bar No. 26426
14 South Fifth Street/Post Office Drawer 2088
Wilmington, NC  28402-2088
Tel:  (910) 763-9891;  Fax:  (910) 343-8604

12

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing "Second Amended Complaint" was served upon the following by depositing a copy of same in the United States Mail in an envelope, postage paid, addressed to:

Vaiden P. Kendrick
310 N. Front Street, Suite 250
Wilmington, NC 28401

Kent R. Harrell
PO Box 1339
Burgaw, NC 28425-1339

R. V. Biberstein
PO Box 428
Burgaw, NC 28425-0428

This the 5 day of October , 2009.

F. Murphy Averitt, III
MARSHALL, WILLIAMS & GORHAM, LLP
P.O. Drawer 2088
Wilmington, NC 28402-2088

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
09 CVS 2310

LAWYERS MUTUAL LIABILITY
INSURANCE COMPANY OF
NORTH CAROLINA,

        Plaintiff,

v.

KEVIN J. STRICKLAND,

        Defendant

)
)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF GERALD F. MEEK**

Affiant, having first been duly sworn, deposes and says:

1.     My name is Gerald F. Meek. I am an attorney at Poyner Spruill LLP and counsel of record for Lawyers Mutual Liability Insurance Company of North Carolina in this action.

2.     I authored the Complaint filed in this matter. The section of the Complaint entitled "Factual Allegations Relating to Misappropriation of Funds" was sourced in and is in material respects identical to a draft Complaint against Strickland prepared by the Office of Counsel of the North Carolina State Bar. Under 27 N.C.A.C. 1B, Rule .0129(5), such draft Complaints are confidential until the person under investigation sees fit to surrender his law license. Strickland surrendered his law license on December 10, 2008, at which time the draft Complaint became available to the public, including the Plaintiff and its lawyers.

3.     I am informed and believe the draft Complaint by the North Carolina State Bar against Strickland contains the material allegations of the State Bar's investigation against Strickland. Strickland chose to surrender his law license rather than have to defend the


EXHIBIT
B

charges contained in the draft Complaint. In his affidavit of surrender, Strickland swore that there was "presently pending an investigation regarding allegations that I am guilty of misappropriation of client funds, including sellers' proceeds from real estate transaction in the amount of at least $1,623,832.60," and further that "the material facts upon which the investigation is predicated are true." A copy of Mr Strickland's surrender of license is attached to the Plaintiff's supplemental motion for summary judgment and incorporated brief as Exhibit E.

4.      A copy of the State Bar Complaint against Strickland, as it was provided to me, is attached as Exhibit 1 to this affidavit.

FURTHER AFFIANT SAYETH NOT.

This the 11th day of May, 2009.

GERALD F. MEEK, Affiant

STATE OF NORTH CAROLINA
COUNTY OF WAKE

I certify that Gerald F. Meek personally appeared before me this day, acknowledging to me that she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated.

Date: 11th day of May, 2009.

Official Signature of Notary: Sara Q. Stutts

Notary Public SARAH A. STUTTS

My Commission Expires: 10/23/2013

(Official Seal)

2

*CONFIDENTIAL – DRAFT – DO NOT RELEASE*

| | |
|---|---|
| STATE OF NORTH CAROLINA | BEFORE THE<br>DISCIPLINARY HEARING COMMISSION<br>OF THE<br>NORTH CAROLINA STATE BAR |
| WAKE COUNTY | 08 DHC ____ |

| | |
|---|---|
| THE NORTH CAROLINA STATE BAR,<br><br>Plaintiff<br><br>v.<br><br>KEVIN J. STRICKLAND, Attorney,<br><br>Defendant | COMPLAINT |

Plaintiff, complaining of the Defendant, alleges and says:

1.    Plaintiff, the North Carolina State Bar ("State Bar"), is a body duly organized under the laws of North Carolina and is the proper party to bring this proceeding under the authority granted it in Chapter 84 of the General Statutes of North Carolina, and the Rules and Regulations of the North Carolina State Bar (Chapter 1 of Title 27 of the North Carolina Administrative Code).

2.    Defendant, Kevin J. Strickland ("Strickland" or "Defendant"), was admitted to the North Carolina State Bar in 2001, and is, and was at all times referred to herein, an attorney at law licensed to practice in North Carolina, subject to the laws of the State of North Carolina, the Rules and Regulations of the North Carolina State Bar and the Revised Rules of Professional Conduct.

Upon information and belief:

3.    During all or part of the relevant periods referred to herein, Strickland was engaged in the practice of law in the State of North Carolina and maintained a law office in Burgaw, Pender County, North Carolina.

4.    In about 2005, Strickland undertook representation of certain individuals who owned various interests in certain tracts of land in Pender County, North Carolina, deriving from the interests of the grantees on deeds recorded with the Pender County Register of Deeds as follows: 1) Book 211, Page 570; 2) Book 312, Page 253; and 3) Book 328, Page 261.

5.    Strickland undertook representation of these clients in the sale of the land described above.  Strickland assisted these clients in negotiating and finalizing the sale of the land to The Nature Conservancy.

*CONFIDENTIAL – DRAFT – DO NOT RELEASE*

6.    The land described in the deed recorded with the Pender County Register of Deeds at Book 211, Page 570, hereinafter referred to as "the O'Berry Tract," was sold to The Nature Conservancy on or about September 25, 2006. The closing attorney, R. V. Biberstein, Jr., disbursed the sellers' proceeds to Strickland as the sellers' attorney.

7.    Strickland deposited his clients' proceeds, in the amount of $4,361,475.08, into his attorney trust account located at FNB Southeast Bank in Burgaw, North Carolina, account number ending in 1357 (hereinafter "FNB account").

8.    Strickland issued checks disbursing the majority of the sellers' proceeds to the sellers or on behalf of the sellers on or about September 25, 2006. Strickland did not disburse the proceeds due to Norwood P. Blanchard, Jr., Robert I. Swinson, or the Julian Godwin Trust to those clients.

9.    Norwood P. Blanchard, Jr. (hereinafter "Blanchard") told Strickland he wanted Strickland to handle his proceeds, in the amount of $863,542.52, in a manner that complied with the requirements for a like-kind exchange under Internal Revenue Code (IRC) § 1031, that gave him some rate of return on the funds, and that allowed him to gain access to the funds within a reasonable period of time, about 7 – 10 days.

10.    IRC § 1031 provides that no gain or loss shall be recognized for tax purposes on the exchange of property held for productive use in a trade or business or for investment if such property is exchanged solely for property of like kind which is to be held either for productive use in a trade or business or for investment.

11.    When a like-kind exchange is accomplished, the taxpayer has no ownership or control over the funds. The funds are used to purchase the exchange property through a qualified intermediary, who cannot be an agent of the taxpayer. The taxpayer does not earn any return on the funds, nor does the taxpayer have any right to a return of the funds upon demand.

12.    Strickland failed to advise Blanchard that Blanchard's funds could not be used as Blanchard described. Instead, Strickland purported to accept and carry out Blanchard's instructions.

13.    In fact, however, Strickland kept Blanchard's funds in his FNB account, but internally transferred Blanchard's funds from the O'Berry tract client ledger to a client ledger for a company for which Strickland was manager, called Burgaw Development Group, LLC (hereinafter "BDG").

14.    Subsequently, Strickland disbursed Blanchard's funds on behalf of and for the benefit of BDG.

15.    Immediately prior to moving Blanchard's funds to the BDG ledger, Strickland's ledger reflected a balance of $110,993.58 in Strickland's FNB account for BDG.

- 2 -

*CONFIDENTIAL – DRAFT – DO NOT RELEASE*

16.    Strickland's ledger shows Blanchard's funds added to the balance available for BDG on September 25, 2006.

17.    The addition of Blanchard's funds to BDG's ledger brought the balance on the ledger to $974,536.10 as of September 25, 2006.

18.    Within the week following the transfer of Blanchard's funds to the BDG ledger, Strickland disbursed funds for BDG as follows:

    a.    $7,421.48 by check #5442 on or about September 28, 2006;

    b.    $25,000.00 by check #5500 on or about September 28, 2

    c.    $114,047.25 via transfer on September 30, 2006;

    d.    $549,959.97 by check #5521 on or about October 3, 2006.

19.    The ledger disbursement on September 30, 2006 in the amount of $114,047.25 exceeded the total funds available to BDG in Strickland's FNB account prior to the addition of Blanchard's funds.

20.    After these four expenditures within ten days of adding Blanchard's money to BDG's ledger, during which time there were no other deposits onto BDG's ledger, Strickland had disbursed $696,428.70 on behalf of BDG. This amount constitutes 80% of Blanchard's funds.

21.    Blanchard did not give Strickland permission to expend his funds on behalf of or for the benefit of BDG.

22.    Between October 2006 and December 2006, Strickland continued to expend funds from the FNB account on behalf of or for the benefit of BDG. By December 28, 2006, Strickland's ledger showed a balance available for BDG in the FNB account of $24,231.23.

23.    On December 29, 2006, Strickland transferred the seller's proceeds for Robert I. Swinson (hereinafter "Swinson") and for the Julian Godwin Trust (hereinafter "the Trust") from the O'Berry tract client ledger to the BDG client ledger, in an amount totaling $601,077.83. Physically, the funds remained in Strickland's FNB account, but internally they were moved to the BDG client ledger subject to expenditure on behalf of BDG.

24.    Strickland immediately began disbursing those funds for BDG's purposes, including as follows:

    a.    $25,000.00 on or about December 29, 2006 by check #5988;

    b.    $50,000.00 on or about January 4, 2007 by check #6023; and

- 3 -

*CONFIDENTIAL – DRAFT – DO NOT RELEASE*

    c. $50,000.00 on or about January 5, 2007 by check #6025.

    25.    The first disbursement Strickland made, on the same date he added Swinson's and the Trust's funds to the BDG ledger, exceeded the balance that had previously been available for BDG in the FNB account.

    26.    Less than two months after adding Swinson's and the Trust's funds to the BDG ledger, Strickland had expended all of those funds to the benefit of BDG and more, resulting in a negative balance on the BDG ledger as of February 23, 2007.

    27.    Neither Swinson nor Susan Long (hereinafter "Long"), trustee for the Trust, gave Strickland permission to expend their proceeds on behalf of BDG.

    28.    The land described in the deed recorded with the Pender County Register of Deeds at Book 312, Page 253 and at Book 328, Page 261, hereinafter referred to as "the Board of Education tracts," was sold to The Nature Conservancy on or about January 29, 2008. The closing attorney, R. V. Biberstein, Jr., disbursed the sellers' proceeds. Biberstein issued checks for the amounts due to Blanchard and Swinson made payable to Richard T. Rodgers, Jr., as qualified intermediary for IRC § 1031 purposes.

    29.    Strickland obtained those proceeds checks, which totaled $134,262.25, and deposited them into his trust account at Bank of America (hereinafter "the Bank of America account") on or about March 18, 2008. He documented the deposit of those funds as a deposit on his BDG client ledger. Strickland subsequently expended those funds on behalf of and for the benefit of BDG.

    30.    Neither Blanchard nor Swinson gave Strickland permission to expend their funds on behalf of or for the benefit of BDG.

    31.    It was Blanchard's understanding that Strickland would handle Blanchard's proceeds from the Board of Education tracts sale in compliance with the same instructions Blanchard had given regarding his O'Berry tract proceeds, to wit: in a manner that complied with the requirements for a like-kind exchange under IRC § 1031, that gave him some rate of return on the funds, and that allowed him to gain access to the funds within a reasonable period of time, about 7 – 10 days.

    32.    Strickland again failed to advise Blanchard that Blanchard's funds could not be used as Blanchard described. Instead, Strickland purported to accept and carry out Blanchard's instructions.

    33.    In fact, Strickland expended Blanchard's proceeds from the Board of Education tracts sale as described above for BDG.

    34.    Long contacted Strickland in about March 2008 concerning the whereabouts of the proceeds due to the Trust from the O'Berry tract sale that had occurred in September 2006.

*CONFIDENTIAL – DRAFT – DO NOT RELEASE*

35.    Strickland gave Long a check for $218,573.75 for the proceeds due to the Trust on or about March 10, 2008.  The check was not drawn on the FNB account where the sellers' proceeds had been deposited from the O'Berry tract sale, however.  The check was drawn on Strickland's other trust account at Bank of America.

36.    Strickland did not have any funds belonging to Long or the Trust in the Bank of America account.

37.    Strickland's disbursement of $218,573.75 to Long from the Bank of America account used other clients' funds in that account for the benefit of Long and/or the Trust.

38.    At various times between June 2006 and March 2008, Strickland's client ledger shows Strickland disbursed more on behalf of BDG than he had on deposit in the FNB account for BDG, including the following disbursements:

| DATE | CHECK # | PAYEE | AMOUNT |
|---|---|---|---|
| 6/21/2006 | 4874 | FNB Southeast | 29,366.75 |
| 6/26/2006 | 4886 | FNB Southeast | 20,000.00 |
| 6/26/2006 | 4887 | Pender County Tax Collector | 1,324.43 |
| 6/26/2006 | 4888 | Pender County Tax Collector | 616.56 |
| 6/26/2006 | 4889 | Pender County Tax Collector | 617.53 |
| 6/26/2006 | 4890 | Pender County Tax Collector | 409.67 |
| 7/7/2006 | 5004 | FNB Southeast | 30,000.00 |
| 7/10/2006 | 4999 | FNB Southeast | 5,686.49 |
| 7/11/2006 | 5003 | FNB Southeast | 21,156.67 |
| 7/19/2006 | 5034 | FNB Southeast | 47,797.42 |
| 7/19/2006 | 5075 | Clerk of Superior Court | 135.00 |
| 7/20/2006 | 5068 | ATECH | 659.12 |
| 7/21/2006 | 5069 | Kevin J. Strickland | 10,000.00 |
| 8/9/2006 | 5197 | FNB Southeast | 17,650.92 |
| 8/9/2006 | 5198 | Harrell's Fertilizer | 11,547.47 |
| 8/9/2006 | 5199 | FNB Southeast | 13,433.80 |
| 8/9/2006 | 5217 | Kevin J. Strickland | 7,500.00 |
| 8/11/2006 | 5235 | National City Golf | 4,474.19 |
| 8/14/2006 | 5232 | Creech Plumbing | 1,800.00 |
| 8/15/2006 | 5248 | FNB Southeast | 107,330.37 |
| 8/18/2006 | 5255 | Kevin J. Strickland | 2,500.00 |
| 8/18/2006 | 5256 | Atkinson & Moss Farms | 2,010.00 |
| 2/23/2007 | 6202 | FNB Southeast | 131,769.37 |
| 3/2/2007 | 6230 | FNB Southeast | 169,548.29 |
| 3/8/2007 | 6250 | Kevin J. Strickland | 5,000.00 |
| 3/8/2007 | 6251 | Kevin J. Strickland | 5,000.00 |
| 3/8/2007 | 6252 | FNB Southeast | 90,000.00 |
| 3/9/2007 | 6253 | Register of Deeds | 47.00 |
| 3/9/2007 | 6254 | Cape Fear Bank | 1,264.00 |



*CONFIDENTIAL – DRAFT – DO NOT RELEASE*

Table, continued

| DATE | CHECK # | PAYEE | AMOUNT |
|------|---------|-------|--------|
| 3/9/2007 | 6255 | Blackacre Title Agency | 315.00 |
| 3/12/2007 | 6275 | FNB Southeast | 50,000.00 |
| 3/14/2007 | 6412 | Lesco | 2,000.00 |
| 3/15/2007 | 6425 | FNB Southeast | 4,950.00 |
| 3/16/2007 | 6468 | Cape Fear Bank | 264.00 |
| 3/16/2007 | 6565 | Blackacre Title Agency | 107.50 |
| 3/20/2007 | 6454 | Robin Neil Rhodes | 9,520.00 |
| 3/21/2007 | 6469 | Corning Credit Union | 109,826.74 |
| 3/22/2007 | 6414 | Kevin J. Strickland | 10,000.00 |
| 3/22/2007 | 6426 | FNB Southeast | 25,000.00 |
| 3/26/2007 | 6459 | Textron | 6,678.00 |
| 3/28/2007 | 6458 | Cape Fear Bank | 764.00 |
| 3/29/2007 | 6487 | Mary Southerland | 12,414.00 |
| 3/30/2007 | 6504 | Textron Financial | 3,491.23 |
| 5/15/2007 | 6580 | Option One Mortgage | 510,660.20 |
| 5/22/2007 | 6566 | WSFJ Construction | 7,068.00 |
| 5/22/2007 | 6567 | FNB Southeast | 39,800.00 |
| 6/7/2007 | 6581 | FNB Southeast | 10,000.00 |
| 6/12/2007 | 6582 | Pender County Tax Office | 216.20 |
| 6/18/2007 | 6592 | FNB Southeast | 15,000.00 |
| 6/25/2007 | 6593 | Cape Fear Farm Credit | 12,594.02 |
| 6/26/2007 | 6594 | FNB Southeast | 10,000.00 |
| TOTAL: | | | $1,579,313.94 |

39.    The above disbursements made on behalf of BDG at times when BDG had insufficient funds in the FNB account to support the disbursements used other clients' funds in Strickland's FNB account for the benefit of BDG. Six of these disbursements were to Strickland, as follows:

| DATE | CHECK # | PAYEE | AMOUNT |
|------|---------|-------|--------|
| 7/21/2006 | 5069 | Kevin J. Strickland | 10,000.00 |
| 8/9/2006 | 5217 | Kevin J. Strickland | 7,500.00 |
| 8/18/2006 | 5255 | Kevin J. Strickland | 2,500.00 |
| 3/8/2007 | 6250 | Kevin J. Strickland | 5,000.00 |
| 3/8/2007 | 6251 | Kevin J. Strickland | 5,000.00 |
| 3/22/2007 | 6414 | Kevin J. Strickland | 10,000.00 |
| TOTAL: | | | $40,000.00 |

- 6 -

CONFIDENTIAL – DRAFT – DO NOT RELEASE

THEREFORE, Plaintiff alleges that Defendant's foregoing actions constitute grounds for discipline pursuant to N.C. Gen. Stat. § 84-28(b)(2) in that Defendant violated the Revised Rules of Professional Conduct in effect at the time of his conduct as follows:

(a)    By knowingly and willfully misappropriating client funds and converting those funds for use by himself and/or a third party, Strickland committed criminal acts that reflect adversely on his honesty, trustworthiness, or fitness in other respects in violation of Rule 8.4(b), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Rule 8.4(c), and used entrusted property for his own personal benefit and for the benefit of a third party without authorization to do so from the beneficial owners of the funds in violation of Rule 1.15-2(j); and

(b)    By disbursing more funds from his trust accounts than he had deposited in his trust accounts for BDG, Defendant used entrusted property of other clients for his own personal benefit and for the benefit of a third party without authorization to do so from the beneficial owners of the funds, and caused deficits in his trust account that affected the property of other clients whose funds he had deposited in his trust accounts in violation of Rule 1.15-2(a), (j) and (m).

WHEREFORE, Plaintiff prays that:

(1)    Disciplinary action be taken against Defendant in accordance with N.C. Gen. Stat. § 84-28(a) and § .0114 of the Discipline and Disability Rules of the North Carolina State Bar (27 N.C. Admin. Code 1B § .0114), as the evidence on hearing may warrant;

(2)    Defendant be taxed with the costs permitted by law in connection with this proceeding; and

(3)    For such other and further relief as is appropriate.

The _____ day of _____, 2008.


_____          _____
James R. Fox., Chair                 Jennifer A. Porter
Grievance Committee                  Deputy Counsel
                                     State Bar No. 30016
                                     The North Carolina State Bar
                                     P.O. Box 25908
                                     Raleigh, NC 27611
                                     919-828-4620
                                     Attorney for the Plaintiff


- 7 -

STATE OF NORTH CAROLINA          )        IN THE GENERAL COURT OF JUSTICE
                                 )              SUPERIOR COURT DIVISION
WAKE COUNTY                      )            FILE NO.  09 CVS 2310

LAWYERS MUTUAL LIABILITY         )
INSURANCE COMPANY OF             )
NORTH CAROLINA,                  )
                                 )
              Plaintiff,          )
                                 )                **AFFIDAVIT**
v.                               )           **OF REBECCA JO PEOPLES**
                                 )
                                 )
KEVIN J. STRICKLAND              )
                                 )
              Defendant,          )
                                 )
              and                )
                                 )
NORWOORD P BLANCHARD, JR and     )
wife, JUDY E. BLANCHARD,         )
                                 )
              Intervenors.        )

Rebecca Jo Peoples being duly sworn , does depose and say:

1.  I hold the position of Vice President with NewBridge Bank (hereinafter "Bank").  I
    have personal knowledge of the matters set forth herein, am above the age of 18 and
    am otherwise competent to execute this Affidavit.

2.  The Bank is in possession of Kevin J. Strickland, Attorney At Law's account file as
    maintained by the Bank.

3.  I am familiar with the contents of this file and testify in this Affidavit from personal
    knowledge as to the contents of this file.  The file contains ordinary and daily
    business records of the Bank with respect to Mr. Strickland's Bank account.  These



EXHIBIT
C

records are not made for the purpose of this or any other lawsuit but are ordinary and daily business records.

4. The entries within the books and records of the Bank account are made therein as soon as is practicable, given the type of system utilized by the Bank.

5. The personnel who maintain these books and records are adequately trained in the bookkeeping system and methods of the Bank and authentication methods exist within the bookkeeping system to make certain that the entries are true and correct.

6. The document attached as Exhibit A hereto is a document kept in the normal course of business of the Bank. Exhibit A is incorporated by reference. Exhibit A is a copy of the deposit ticket dated September 25, 2009 indicating that the amount of $4,361,475.08 was deposited into the account of Kevin J. Strickland, Attorney at Law.

7. Exhibit B is a document kept in the normal course of business of the Bank. Exhibit B is incorporated herein by reference. Exhibit B indicates than on October 3, 2006, the amount of $549,959.97 was wired from the account of Kevin J. Strickland, Attorney at Law, to an account in Frederick, Maryland in the name of Edward D. Scott/Kline Scott Visco.

This the_____ day of_____, 2010.

2

_____
Rebecca Jo Peoples
Vice President
NewBridge Bank
P.O. Box 867
Lexington, NC 27293-0867

SWORN TO AND subscribed before me
This_____day of_____, 2010

_____
Notary Public

My Commission Expires: _____

Page 1



DDA Credits - 09/25/2006



DDA Credits - 09/25/2006



10/03/06   TUE 15:41 FAX 910 259 0816        FNB Southeast                    ☒002

10/03/06   TUE 14:54 FAX 910 259 0816        FNB Southeast                    ☒002

Account Name: FNB Southeast
Printed by MBatchelor at 10/03/2006 15:40:32

## Wire Transfer

| | |
|---|---|
| Created By: | MBatchelor |
| Date Created: | October 03, 2006 15:30:01 |
| Account To Debit: | |
| ABA Number: | |
| Wire Name: | KEVIN STRICKLAND |
| Amount: | 549959.97 |

Business Function Code / Type & Subtype Code:

Receiver ABA & Name:

Intermediary ABA & Name:

| Beneficiary Information | | Originator Information | |
|---|---|---|---|
| FI ABA: | | FI ABA: | |
| FI Name: | BB&T FREDERICK MD | FI Name: | FNB Southeast |
| Account Number: | | Account Number: | |
| Name: | EDWARD D SCOTT/KLINE SCOTT VISCO | Name: | KEVIN J STRICKLAND |
| Address 1: | 117 WEST PATRICK ST | Address 1: | 117 S WRIGHT ST |
| Address 2: | | Address 2: | |
| City, State, Zip: | FREDERICK MD 21701 | City, State, Zip: | BURGAW NC 28425 |
| Reference To Beneficiary: | | | |

Originator To Beneficiary:
Beneficiary Information:
Bank To Bank:

Accepted By:
☑ In Person – Originators Signature
☐ Fax ☐ Phone – Call Back Information Required
Time: 3:00   Contact:                By:
Source of Funds:
☐ Cash ☑ FNB Acct
Firm ☑ Collected ☐ Analysis ☐ Waived - Approved:
☐ Loan Proceeds - CK#
☐ LOC Advance - $               Hold Date:
Fees ☐ Collected ☐ Analysis ☐ Waived - Approved:
Approval:
Prepared By: Mindy Batchelor / Mindy Batchelor

Approved By:                          Time:
See Approval Guidelines in the Policy

Deposit Ops Use Only
Rcvd in Ops: Date: 10/3/06 Time: 4:50 By: 8:10
Ops Approved By:                Time: 4:53
Ops Declined By:                Time:
Rejected by BankArt:           Time:
Confirmation:

EXHIBIT
B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| In re:<br><br>KEVIN JOSEPH STRICKLAND<br><br>      Debtor | Case #  10-00560-8-JRL<br>(Chapter 7) |

## NOTICE OF MOTION

  ***Notice is Hereby Given*** that Norwood and Judy Blanchard have filed an **Amended Motion For Relief From Automatic Stay** in this case. A copy of the Motion is attached.

  ***Your rights may be affected.***  You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case.  (If you do not have an attorney you may wish to consult one.)

  ***If you do not want the court to grant the relief sought*** in the motion or if you want the court to consider your views on the motion, then on or before **FOURTEEN (14) DAYS** from the *mailing* date of this Notice shown below, you or your attorney must file a written response explaining your position, and a request for hearing with the court, all pursuant to Local Bankruptcy Rules 9013-1 and 9014-1.  Local Bankruptcy Rules require attorneys admitted to practice in the Eastern District of North Carolina, including attorneys admitted *pro hac vice*, to file all documents electronically, unless an exception is made by the bankruptcy clerk.  Local Rules regarding electronic filing and electronic filing of papers may be done through the court's website: www.nceb.uscourts.gov.  If you are unable to file your response electronically, you may file your response with the bankruptcy clerk and you must also mail a copy to the movant's attorney, at the following addresses:

U. S. Bankruptcy Clerk  with copy to  Oliver Carter III
1760-A Parkwood Blvd. W       Attorney for Norwood and Judy Blanchard
Wilson, NC  27893-3564        408 Market St.
                    Wilmington, NC  28401

  If your response is filed in writing within the time indicated, a hearing will be conducted on the motion and your response at a date, time, and place to be set by the court and all parties will be notified accordingly.  Any party filing a response shall appear at the hearing in support of his or her response or may be assessed with costs.

  If you or your attorney do not file a response, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date of Mailing:  <u>June 15, 2010</u>

                             CARTER & CARTER, P.A.

                             */s/ Oliver Carter III*
                             Oliver Carter III, NC State Bar No. 36161
                             Attorney for Norwood and Judy Blanchard
                             408 Market Street
                             Wilmington, NC  28401
                             Phone:  910.763.3626
                             Fax:  866.249.7856
                             E-mail:  oliver@carterandcarterlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age, and that the foregoing

### NOTICE OF AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY
### AND
### AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

was this day served upon the below named persons, parties and/or counsel by [x] mailing, postage prepaid, first class mail; [ ] personal delivery, of a copy of such instruments to such persons, parties and/or counsel at the address shown below:

James B. Angell
Chapter 7 trustee
Howard, Stallings, From & Hutsen, PA
P.O. Box 12347
Raleigh, NC  27605-2347

Kevin Joseph Strickland
215 Murraytown Road
Burgaw, NC  28425

Brian Behr
Bankruptcy Administrator's Office
P.O. Box 3758
Wilson, NC  27895

Kevin Joseph Strickland
P.O. Box 220
Burgaw, NC  28425

Kevin Joseph Strickland
865 Riverbend Drive
Burgaw, NC  28425

Diane P. Furr
Poyner Spruill, LLP
301 South College Street, Suite 2300
Charlotte, NC  28202

R.V. Biberstein
Biberstein & Nunalee
PO Box 428
Burgaw, NC 28425-5233

Vaiden P. Kendrick
310 N. Front Street, Suite 250
Wilmington, NC 28401

Date: June 15, 2010

CARTER & CARTER, P.A.
408 Market Street
Wilmington, NC  28401

/s/ Oliver Carter III
Oliver Carter III, NC State Bar No. 36161